[Civ. No. 940. Second Appellate District.—May 23, 1911.]

FRESNO HOME PACKING COMPANY, a Corporation, Respondent, v. FRANKE A. HANNON, Appellant.

ACTION UPON BOND TO SHERIFF TO PREVENT LEVY OF ATTACHMENT—PLEADING—SUFFICIENCY OF COMPLAINT.—In an action by the plaintiff in an attachment suit upon a bond given to the sheriff to prevent the levy of the attachment upon the property of the defendant in that suit, it was held that the complaint shows very clearly that but one undertaking to prevent the writ of attachment from being levied was given, and that is the one sued upon in this action, the complaint upon which alleges that upon the delivery of said undertaking to the sheriff he "refrained from levying the said attachment and enforcing the said writ of attachment, and accepted said bond in lieu of the levy of said attachment."

ID.—UNNECESSARY AVERMENT — PROPERTY SUBJECT TO LEVY.— In the action upon such bond to prevent the levy of the attachment, it is not necessary that the complaint should aver that the defendant in the attachment suit had property within the county which was subject to be levied upon under the writ of attachment.

ID.—CONSIDERATION FOR BOND.—The act of the officer in refraining from enforcing the writ, or attempting to make a levy, was a sufficient consideration for the giving of the bond.

ID.—PRESUMPTION AS TO CONSIDERATION—BENEFIT TO DEFENDANT.—It will be presumed, where the defendant in the attachment suit furnishes a bond to prevent the execution of the writ, that some benefit accrues to the defendant, as a consideration to support the contract of the sureties obtained by the defendant.

ID.—JOINT AND SEVERAL BOND—DISMISSAL OF ONE SURETY NOT IMPAIRING SEVERAL OBLIGATION OF COSURETY.—Where the bond is in its term joint and several, the dismissal of the action as against one

of the sureties does not impair or affect the maintenance of the action upon the several obligation of the other surety.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

McNutt & Hannon, for Appellant.

Haas, Garrett & Dunnigan, for Respondent.

JAMES, J.—A judgment for the recovery of the principal sum of $1,104.15 was entered against defendant, from which judgment he appeals.

The action was one brought upon an undertaking executed by defendant and one John Hickson, as sureties, and given for the purpose of preventing a levy being made under a writ of attachment issued in an action wherein the plaintiff here was the plaintiff and the Hickson-Hannon-Burns Company was defendant.   Defendant Hannon, after being duly served with summons, made no appearance in this action and the judgment taken was entered upon his default.

The contentions of appellant are: First, that the complaint shows that an undertaking had been given to prevent a levy being made under the writ of attachment prior to the time that the undertaking upon which appellant became surety was furnished to the sheriff, and that therefore the second undertaking was void and of no effect, because the levying of the writ had already been stayed; second, that no consideration for the giving of the second undertaking is shown, for the reason that it does not appear that the Hickson-Hannon-Burns Company had at the time such undertaking was executed any property upon which the writ of attachment might have been levied; third, that the undertaking was not sufficient in form, under the provisions of section 540 of the Code of Civil Procedure, to create any liability against appellant; fourth, that because the plaintiff herein elected to dismiss the action as against appellant's cosurety, he thereby discharged also the obligation of appellant, for the reason that the undertaking was joint and not several.

An examination of the complaint shows very clearly that but one undertaking to prevent the writ of attachment being levied was given, and that that undertaking was the one executed by appellant and Hickson as sureties. If the contention of appellant be conceded, to wit, that it is alleged that the Hickson-Hannon-Burns Company gave an undertaking to prevent the levying of an attachment prior to the giving of the undertaking executed by appellant, still it is sufficiently shown by the allegations of the complaint that the sheriff, in consideration of the giving of the last-mentioned undertaking, refrained from executing the writ. The allegation referred to is as follows: ''That upon the delivery of said undertaking to said sheriff of Los Angeles county, the said sheriff of Los Angeles county refrained from levying the said attachment and enforcing the said writ of attachment, and accepted said bond in lieu of the levy of said attachment.''

It was not necessary for the plaintiff to allege that, at the time the undertaking was given, the Hickson-Hannon-Burns Company had property within the county of Los Angeles subject to being levied upon under the writ of attachment. The act of the officer in refraining from enforcing the writ, or attempting to make a levy, was a sufficient consideration for the giving of the bond, and it will be presumed, where the defendant in such a case furnishes an undertaking to prevent the execution of a writ, that some benefit accrues to him sufficient as a consideration to support the contract of his sureties.

The recitals in the undertaking were entirely sufficient to show the purposes for which it was given and the obligation assumed by the sureties. In express terms the undertaking was made joint and several, and, therefore, the dismissal of the action as to the defendant Hickson in no way impaired the right of the plaintiff to a judgment against this appellant.

The judgment is affirmed.

Allen, P. J., and Shaw, J., concurred.